MANUEL *v.* CARNALL, ADMINISTRATOR.

4-6279 149 S. W. 2d 44

Opinion delivered March 31, 1941.

*Joseph R. Brown,* for appellant.

*Lyman L. Mikel* and *George W. Dodd,* for appellee.

SMITH, J. George T. Carnall recovered judgment for a commission alleged to have been earned by him as a real estate broker upon the sale of a lot in the city of Fort Smith owned by appellant. Carnall died since the trial and the cause was revived here in the name of his administrator. The testimony is to the effect that Carnall was given an agency to sell this property, but it is undisputed that he did not have an exclusive agency. He was advised that Phillips & Henderson, real estate agents, also had the property listed with them for sale. Appellant authorized Carnall to sell the property for $22,000 and Carnall urged that $19,500 be accepted, but this appellant declined to do.

The testimony is sufficient to support the finding that Carnall interested Fagan Bourland in the purchase of the property, but Bourland was unwilling to purchase unless he could buy an adjoining lot. A contract was closed between Phillips & Henderson and Bourland for the purchase of both lots for $41,000 of which sum $20,000 was paid for appellant's lot and $21,000 for the other.

Twenty-one thousand dollars was the lowest price for which Carnall was ever authorized to sell, although he testified that, if permitted to do so, he would have sold it to Bourland for $21,000, and that Bourland agreed to pay that price, but the agreement was conditioned upon the sale of the adjoining lot, an arrangement which Carnall could and would have been able to make had appellant dealt impartially between him and Phillips & Henderson, his competitors.

The court gave at Carnall's request only one instruction, this being an instruction numbered 6. Other instructions requested by Carnall were refused. All other instructions were given at the request of appellant or upon the court's own motion, these latter being what might be called the usual instructions in civil cases relating to such questions as burden of proof, etc.

The instruction given at Carnall's request reads as follows: "6. Where the landowner places property in the hands of more than one broker, the broker actually consummating the sale is entitled to the commission to the exclusion of the other brokers, and the landowner is not liable to such other brokers, if such landowner has preserved strict neutrality as between the brokers and has not given one the advantage over the other."

Appellee insists that there is only one question in the case, and that is whether appellant maintained neutrality as between the brokers, and appellant concedes this to be true. Under the instruction above copied the jury must have found that appellant did not maintain neutrality, otherwise the verdict would necessarily have been returned in appellant's favor, as it is undisputed that Phillips & Henderson made the sale.

We think the testimony is sufficient to support this finding. It is undisputed that the first contact with Bourland as a prospective purchaser was made by Carnall, and according to his testimony he would have made the sale, had he been permitted to do so, at an even larger price than was paid for the lot. But, whether this be true or not, the testimony is sufficient to support the finding, if, indeed, it is not undisputed, that appellant accepted a lower price than that for which Carnall had been authorized to sell. Had Carnall made the sale he would have expected and would have been paid a commission of 5 per cent. Appellant admits that she paid Phillips & Henderson a commission of only $750 for the sale of the property.

In the case of *Murray* v. *Miller*, 112 Ark. 227, 166 S. W. 536, Ann. Cas. 1916B, 974, it was said by Chief Justice McCulloch that "Good faith and strict neutral-

ity on the part of the owner as between the rival agents seeking to make the sale is the test of the owner's liability. The authorities are practically unanimous on that proposition. (Citing cases.)"

We think the facts stated, if found by the jury to be true, were sufficient to support the finding that appellant did not preserve neutrality and thus enabled Phillips & Henderson—rather than Carnall—to make the sale which Carnall would otherwise have made, and the judgment must, therefore, be affirmed, and it is so ordered.